UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES ROSE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 1:13-cv-02051-WTL-TAB |
| ) | |
| UNITED STATES of AMERICA, ) | |
| ) | |
| ) | |

**Entry Discussing Motion for Relief Pursuant to
28 U.S.C. § 2255 and Denying a Certificate of Appealability**

For the reasons explained in this Entry, the motion of James Rose for relief pursuant to 28 U.S.C. § 2255 must be denied and this action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

The United States argues that Mr. Rose's § 2255 motion must be denied as untimely. The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations period for § 2255 motions. 28 U.S.C. § 2255(f). For purposes of § 2255(f)(1), that period runs from "the date on which the judgment of conviction becomes final." A judgment of conviction becomes final when the conviction is affirmed on direct review or when the time for perfecting an appeal expires. *Clay v. United States,* 537 U.S. 522, 527 (2003). Here, the petitioner's judgment of conviction was entered on the clerk's docket on March 21, 2012. Because he did not file an appeal, his conviction became final on the last day in which he had to appeal, April 4, 2012. He therefore had one year, through April 4, 2013, in which to file his § 2255 motion. Because he filed the present § 2255 motion on December 27, 2013, he filed it more than eight months too late.

Mr. Rose does not dispute that his § 2255 motion is untimely, but argues that his motion is based on the recent United States Supreme Court case of *Peugh v. United States*, 133 S.Ct. 2072 (2013), which held that sentencing under the current Sentencing Guidelines rather than the Guidelines in effect at the time of the offense violates the Constitution's Ex Post Facto Clause. Because his motion was filed within a year of that decision, according to Mr. Rose, his motion is timely. Section 2255 does provide for an extension of the limitations period in limited circumstances. As applicable to Mr. Rose's argument, that statute provides that the one-year statute of limitations runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Mr. Rose argues that *Peugh* is such a case. But the Seventh Circuit has directly addressed and rejected the contention that *Peugh* created a newly recognized right retroactively applicable to cases on collateral review. In *United States v. Vela*, 740 F.3d 1150, 1154 (7th Cir. 2014), addressing the applicability of *Peugh* to an argument challenging the waiver provision of a plea agreement, the court explained:

> While *Peugh* represents a change in the law, at least in this circuit, the Supreme Court *did not make the change expressly retroactive in that case*. In fact, *Peugh* concluded that "failing to calculate the correct Guidelines range constitutes procedural error," 133 S.Ct. at 2083, the kind which are generally not applied retroactively. *Schriro v. Summerlin,* 542 U.S. 348, 351–52, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004); *see also Hawkins v. United States,* 724 F.3d 915, 917 (7th Cir.2013) (concluding that *Peugh* does not apply retroactively for purposes of collateral review for the same reasons). Thus, by its plain terms, the exception does not apply.

*Id.* (emphasis added). While Mr. Rose has expressed his disagreement with the Seventh Circuit's application of *Peugh*, this Court must apply that precedent. The statute of limitations therefore began to run after Mr. Rose's time to appeal expired and terminated on April 4, 2013. Mr. Rose's

§ 2255 motion is therefore untimely. Accordingly, his motion for relief pursuant to § 2255 is **denied**, and this action must be dismissed with prejudice. Judgment consistent with this Entry shall now issue. Consistent with this ruling, the motion for expedited consideration [dkt 20] is **denied as moot**.

A **copy of this Entry shall be entered in the underlying criminal action, Case No. 1:11-cr-31-WTL-MJD-1.**

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court finds that the petitioner has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" or "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 4842 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 9/4/15

Distribution:

JAMES ROSE
09771-028
ELKTON - FCI
ELKTON FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 10
LISBON, OH 44432

All electronically registered counsel

**Note to Clerk: Processing this document requires actions in addition to docketing and distribution.**